## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1735-PLC |
| ) | |
| CO1, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center ("MECC"). For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. In the complaint, however, he writes: "Application to Proceed in District Court without prepaying Fees or Costs." He states that he earns only $5.00 per month. The Court liberally construes plaintiff's statements in the complaint as a request for leave to proceed without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's statements, the Court will allow him to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his complaint, plaintiff states he earns $5.00 per month. Accordingly, the Court will assess an initial partial filing fee of $1.00, which is twenty percent of his average monthly earnings. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of

2

the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

**The Complaint**

Plaintiff's complaint is handwritten on four sheets of notebook paper. It includes a case caption identifying the name of this Court, plaintiff's name, the case number, and the title "Prisoner Civil Rights Complaint Under 42 U.S.C. 1983." (ECF No. 1 at 1).[1] The second page of the

---

[1] Plaintiff repeatedly identifies himself as a sovereign citizen, and he states he is a civilly-committed detainee. However, review of publicly-available records shows he is actually a convicted and sentenced Missouri state prisoner.

3

complaint contains a list identifying the following unnamed individuals as defendants: Correctional Officer ("CO") 1, CO2, Sergeant, Lieutenant, Captain, Corporal, Major, CCA, Caseworker, IPC ERDCC Supervisor, IPC ERDCC, P&P Director, P&P Past Director, MODOC, ERDCC, P&P, Warden, Assistant Warden, Superintendent, Director, Assistant Director, Union Assistant Director, Lieutenant Governor, Governor, Senator, House Representative, Assistant Representative General, Senator, CCM, FUM, and Assistant Superintendent. Plaintiff indicates he sues the defendants in their official and individual capacities.

Plaintiff sets forth his statement of claim as follows:

> This is in Regards to Polic[y] for Clothing in hole is we have to Be in Full Clothing for female staff that [is] what is appropriate. I have Been Down here since 9-8-20 to 11-22-20 me and a Cousin Chad Williams went through this it [is] in Human and Degrading and not right. Andrew Emily and Dylan GRAHAM 1225537 we are all not liking this it [is] not right or human for female staff. It [is] Per Polic[y] that you have to Be Fully Clothed for female staff I'm [Sovereign] [Citizen] Don't want to Be treated that way. So I am suing all 32 Department [separate] for everyone in ERDCC on These Between these Dates.

*Id.* at 2. Plaintiff does not identify any injuries he has suffered arising out of his allegations. *Id.* at 1.

Next to each defendant's title, plaintiff writes the amount of monetary relief he seeks from that defendant. These amounts range from "100 million" dollars to "23 Trillion" dollars. *Id.* at 2. Plaintiff also asks this Court to award him "500,000 stocks in Oil Coal, Lead, Zinc, Gold, Silver, Diamonds, Precious Metals, Steel, Beef, Pork, Chicken, Vegs, Fruits, Dairy, Wheat, Rice, Beans, Coffee . . . Dr. Pepper, Red Bull . . . Russia, China, Japan, Fr[ance], . . ." and stock in more than 60 other various nations, companies, and banks. He asks the Court to award $1 million to Ryan Huskey, and $1 million to every person in "7 House" at ERDCC. Finally, he seeks to open ten factories in St. Francis and Washington Counties and to open a chain of factory outlet stores for purchasing "vapes" and smoking accessories. *Id.* at 3-4.

The complaint is one of more than 130 similar complaints plaintiff has filed in this Court

4

since September of 2020, alleging that his civil rights have been violated by individuals and entities such as the defendants in this case. The manner in which plaintiff prepared those complaints, and his demands for relief, are roughly the same as in the instant action. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

To allege an Eighth Amendment violation, a prisoner must prove that the defendant's conduct rose to the level of a constitutional violation, "by depriving the plaintiff of the minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). The conduct of the defendant must also reflect a subjective state of mind that evinces deliberate indifference to the prisoner's health or safety. *Id.* For example, the Eighth Amendment requires prison officials to ensure that inmates receive adequate clothing. *Farmer v. Brennan*, 511 U.S. 825, 831 (1994). The prisoner has the burden of showing that the clothing is inadequate. *Divers v. Dep't of Corrs.*, 921 F.2d 191, 194 (8th Cir. 1990). Clothing has been deemed inadequate, for instance, when inmates are subjected to the rain and cold without protective clothing. *See Chandler v. Moore*, 2 F.3d 847, 848 (8th Cir. 1993) (stating that inmate's allegation that he was forced to stand outside in the rain and cold without adequate clothing was sufficient to preclude § 1915 dismissal); *Gordon v. Faber*, 973 F.2d 686, 687-88 (8th Cir. 1992) (upholding district court finding that ordering inmates outdoors without hats and gloves in freezing weather violated the Eighth Amendment).

Plaintiff's complaint is subject to dismissal for several reasons. First, he does not allege any conditions of confinement that would violate the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff alleges that ERDCC's maintains a policy that all prisoners in

5

solitary confinement have to be "in full clothing for female staff." Plaintiff states this policy is inhumane and degrading. He states that he and three other prisoners "are all not liking this [policy]." Plaintiff does not state how being required to be fully clothed in front of female staff violates his rights, and the Court cannot find that plaintiff's rights have been violated. Certainly, requiring prisoners to be clothed does not constitute cruel and unusual punishment under the Eighth Amendment. Plaintiff's allegations are illogical and entirely conclusory.

Plaintiff also does not allege any physical injury. The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff has suffered no physical injury from ERDCC's enforcement of its policy that prisoners housed in solitary confinement be fully clothed in front of female staff.

Additionally, even if plaintiff had alleged a physical injury, he does not allege facts showing that any defendant was personally involved in or directly responsible for any incidents that injured him, as required to state a claim under § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that because the plaintiff did not allege the defendant was personally involved in or directly responsible for incidents that injured him, his claims were not cognizable in § 1983 action). Plaintiff has not named any defendant by name, using only their title for identification. The only specific information plaintiff provides regarding each defendant is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint,

6

but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Having thoroughly reviewed and liberally construed the complaint, the Court has determined it is subject to dismissal for failure to state a claim upon which relief may be granted.

The complaint is also subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, upon his asserted status as a "sovereign citizen." Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented."). Plaintiff also asserts he is entitled to recover thousands of trillions of dollars in damages based upon a constitutional claim that lacks support, and his other demands for relief are delusional. The Court concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible, and are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

7

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __21st__ day of July, 2021.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE